## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **MARIA AND MIGUEL BANDA** § | | |
| *Plaintiffs,* § | | |
| § | | |
| § | **Civil Action No. _____** | |
| **VS.** § | | |
| § | | |
| **STATE FARM MUTUAL AUTOMOBILE** § | | |
| **INSURANCE COMPANY** § | | |
| *Defendant.* § | **JURY DEMANDED** | |

## COMPLAINT

NOW COME, Plaintiffs MARIA AND MIGUEL BANDA (hereinafter referred to as "Plaintiffs") and file this their *Complaint,* and in support state as follows:

### PARTIES

1. MARIA AND MIGUEL BANDA are individuals residing in the State of Texas.

2. Defendant State Farm Mutual Automobile Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving citation and a copy of this Complaint by serving its agent of process at:

    Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, Texas 78701

### JURISDICTION

3. This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

## VENUE

4. Venue is proper in the Southern District of Texas because: the policy at issue was issued and delivered in WEBB County, Texas; the property insured is situated in WEBB County, Texas; PLAINTIFFS' losses occurred in WEBB County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in WEBB County, Texas, which is within the Southern District of Texas.

## FACTS

5. Plaintiffs are the owners of a Texas Automobile Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm Mutual Automobile Insurance Company.

6. Plaintiffs own the 2022 Ford 150 pickup truck (VIN 1FTEW1CP5NKD39058) with Policy# 482 4986-E22-53; Claim# 53-46L1-44V.

7. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY provided coverage to the PLAINTIFFS for such vehicle.

8. During the term of said policy, PLAINTIFFS sustained covered losses in the form of motor vehicle collision damages that occurred on or about March 4, 2023, in Laredo, Webb County, Texas, and personal injuries and property damages therefrom ("The Collision"). PLAINTIFFS promptly reported losses to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFFS sustained damages, including the cost of medical bills and property damage repairs. These are covered damages under PLAINTIFFS' insurance policy with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court as a

result of having conducted business during the pendency of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S conduct.

9. Plaintiffs submitted a claim to State Farm Mutual Automobile Insurance Company against the Policy for personal injuries and property damage caused by the collision. Plaintiffs asked that Defendant cover the costs of repairs to the insured vehicle and medical bills incurred pursuant to the Policy.

## CONDITIONS PRECEDENT

10. All conditions precedent have been waived by the insurance company, have been performed by the Plaintiffs, or have otherwise been satisfied. Despite these facts, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has failed and refused to pay the PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that the Plaintiffs did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to a contract commits material breach, the other party is discharged or excused from further performance. Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc., 134 S.W.3d 195, 196 (Tex. 2004).

11. As a result of Defendant's conduct, Plaintiffs did not receive payment they were entitled to under the Policy for their property damages and personal injuries. When Plaintiffs originally purchased the Policy issued by State Farm Mutual Automobile Insurance Company, State Farm Mutual Automobile Insurance Company's agent, Kike Trevino, represented on behalf of State Farm Mutual Automobile Insurance Company that it would always conduct a fair and unbiased investigation of Plaintiffs' claims against the Policy

and promptly issue payment to Plaintiffs for all properly covered damages. Mr. Trevino knew this statement was false at the time he made it because he knew that State Farm Mutual Automobile Insurance Company conducted outcome-oriented investigations and purposefully calculated damages to be below a policyholder's bodily injury limits and/or property damage limits, all to ensure that Defendant would not have to pay policyholders for covered damage. At no time did State Farm Mutual Automobile Insurance Company or any of its agents disclose to the Plaintiffs that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiffs submitted against the Policy for covered damages and thereby underpay or deny Plaintiffs' claim for properly covered damages. The failure to disclose this truth was a material omission by State Farm Mutual Automobile Insurance Company. As such, Plaintiffs reasonably relied on State Farm Mutual Automobile Insurance Company's misrepresentations and omission upon purchasing their initial State Farm Mutual Automobile Insurance Company insurance policy, and but for State Farm Mutual Automobile Insurance Company's misrepresentations and omission, Plaintiffs would not have purchased the Policy issued by State Farm Mutual Automobile Insurance Company and would have purchased an insurance policy from a different insurer to insure the Property against motor vehicle collision losses.

12. As indicated in the paragraphs above and below, State Farm Mutual Automobile Insurance Company wrongfully investigated Plaintiffs' claim for damages suffered during the Collision, even though the Policy provided for those losses. Defendant knew that it had conducted an outcome-oriented investigation, had purposefully ignored covered damage, and had purposefully calculated an inaccurate evaluation of the damages sustained, and

therefore knew that it was wrongfully refusing to fully pay for covered damage. Every day that passes without a full payment to Plaintiffs for the covered damage is another day in which Defendant is purposefully delaying payment because it knows that Plaintiffs have more extensive covered damage than was estimated.

13. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant, through Yessenia Burciaga, failed to adequately compensate Plaintiffs' claim for covered damages even though all conditions precedent to recovery upon the Policy had been carried out by the Plaintiffs. State Farm Mutual Automobile Insurance Company's conduct constitutes breach of the insurance contract between State Farm Mutual Automobile Insurance Company and Plaintiffs.

14. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner when its adjuster failed to perform a reasonable investigation into Plaintiffs' damages. All this in spite of Defendant's being aware of the liability to the Plaintiffs under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

15. Defendant refused to fully compensate the Plaintiffs under the terms of the Policy for a covered loss. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, purposefully ignored covered damage, and purposefully calculated the damages to be well below Plaintiffs' policy coverage, which all resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the property and for bodily injuries. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

16. When Plaintiffs first purchased the Policy from Defendant through its agent, Mr. Trevino, Defendant misrepresented to Plaintiffs that under the Policy, Plaintiffs would be entitled to payment from State Farm Mutual Automobile Insurance Company for damages caused by a covered loss, including underinsured/uninsured motorist losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs timely submitted against the Policy. This was a misrepresentation because Mr. Trevino knew that Defendant would not pay for such damage, as described above. If Plaintiffs had known that State Farm Mutual Automobile Insurance Company was not going to pay for collision that were covered under the Policy, Plaintiffs would not have purchased the Policy from State Farm Mutual Automobile Insurance Company, and instead would have purchased a different insurance policy insuring their vehicle from a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiffs purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make State Farm Mutual Automobile Insurance Company's other representations not misleading, upon which Plaintiffs reasonably relied to their detriment. State Farm Mutual Automobile Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5) as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

17. Defendant State Farm Mutual Automobile Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay by dragging the process of obtaining a decision through months of bitter dispute, when Defendant already knows that Plaintiffs are entitled to coverage under the terms of the

policy. Specifically, it has delayed any payment for Plaintiffs' claim. State Farm Mutual Automobile Insurance Company's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

18. From and after the time Plaintiffs' claim was presented to Defendant, the liability of State Farm Mutual Automobile Insurance Company to pay the claim in accordance with the Policy was reasonably clear. However, State Farm Mutual Automobile Insurance Company has refused to fully pay Plaintiffs for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. State Farm Mutual Automobile Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

19. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiffs.

20. As a result of Defendant's conduct, Plaintiffs were forced to retain the professional services of an attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

21. Plaintiffs are not making any claims for relief under federal law.

22. Defendant State Farm Mutual Automobile Insurance Company is liable to Plaintiffs for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

23. PLAINTIFFS purchased an insurance policy with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. PLAINTIFFS were damaged by the motor vehicle accident damage, which is covered under the insurance policy. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFFS' covered claims. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY was irresponsible and unconscionable. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFFS.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

24. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to inform PLAINTIFFS of material facts, such as the true scope of damage and cost to repair. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has failed to address all damage

to the property and their personal injuries causing further damage to the PLAINTIFFS. Further, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored all damages. PLAINTIFFS suffered from covered losses and damages of which STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is fully aware. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has concealed damage known by it to exist. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has known about covered motor vehicle accident damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' plea for help. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has failed to warn PLAINTIFFS of consequential damage to their property.

25. By its conduct outlined above, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

   (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

   (2) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy,

in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

  (a) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

    (i) the terms of the policy; and/or

    (ii) the benefits or advantages promised by the policy.

 (b) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

 (c) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

 (d) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

 (e) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

26. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue.

27. Plaintiffs gave prompt notice of their claims to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFFS' claim. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

    (a) Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (b) Failing to request all of the items, statements and forms the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

28. Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY the statutory penalty of 5% plus the interest rate determined under Section 304.003,

Finance Code, on all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they sue.

## DTPA VIOLATIONS

29. Plaintiffs are "consumers" entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

   (a)   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY made false representations about PLAINTIFFS' rights, remedies, and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

   (b)   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S actions constitute an unconscionable course of conduct entitling the PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

   (c)   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to disclose information to the PLAINTIFFS concerning the nature and extent of their insurance policy, which was known by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

      (d)    As described above, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling the PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

30. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS' property. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFFS for which they now sue. The conduct of the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally," as those terms are derived by statute. Because of that, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

31. From and after the time the PLAINTIFFS' claims were presented to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY refused to accept the claims in

totality and pay the PLAINTIFFS as the policy required. At that time, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in Vail v. Texas Farm Bureau, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFFS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS, for which they sue.

## EXEMPLARY DAMAGES

32. Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

**JURY DEMANDED**

33. Plaintiffs previously requested that all causes of action herein be tried before a jury consisting of citizens residing in WEBB, County, Texas. Plaintiffs tendered the appropriate jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas Insurance Code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimum jurisdictional limits of the court.

Dated: January 10, 2024

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
S.D. Tex. Bar No. 2081960
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 253-3121
oochoa@omarochoalaw.com

*Attorney for Plaintiffs*